# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**LARRY JOHNSON**                                                                                    **PLAINTIFF**

v.                                               Case No. 5:16-CV-05090

**OFFICER J. VERMILLION and**
**OFFICER SLAPE**                                                                                    **DEFENDANTS**

## ORDER

Now pending before the Court is the Report and Recommendation ("R&R") (Doc. 36) of the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, which was filed in this case on July 25, 2017, regarding Defendants' joint Motion for Summary Judgment (Doc. 29). On April 11, 2017, Plaintiff Larry Johnson was ordered to file a response to the Motion for Summary Judgment, and was given until June 15, 2017, to do so. *See* Doc. 33. When Mr. Johnson failed to submit a response by the deadline, the Court issued an Order to Show Cause (Doc. 34) on June 21, 2017, directing Mr. Johnson to submit the response or face dismissal of his case due to failure to obey an order of the Court. Finally, on June 28, 2017, Mr. Johnson submitted a handwritten Response to the Motion for Summary Judgment (Doc. 35), which the Magistrate Judge then considered prior to issuing the R&R.

Judge Ford recommends that Defendants' Motion for Summary Judgment be granted and the case dismissed. After the recommendation was filed of record, Mr. Johnson filed an Objection (Doc. 37) to the R&R on August 10, 2017. His case includes allegations that Defendants stopped him illegally, searched his car illegally, confiscated his and his wife's property and did not return it, and damaged his reputation. His one-page Objection asserted, without elaboration, that: (1) he did not consent to the search of his

vehicle, (2) the search was not a valid traffic stop, and (3) he and his wife were "profiled racially, harassed, humiliated publically [sic], abused mentally, emotionally and lost so much behind this." *Id.* at 1. He closed by asking that his case not be dismissed and that he and his wife be awarded compensatory damages.

Pursuant to 28 U.S.C. § 636(b)(1), the Court must give *de novo* consideration to those portions of the R&R to which objections are made. However, in order to trigger such review, the objections must address particular findings or conclusions of the magistrate judge or assert specific allegations of error. *See, e.g.*, *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) ("A district court must make a de novo determination of those portions of a magistrate's report and recommendation to which objections are made."). Mr. Johnson's filing (Doc. 37) does not reference any portion of the R&R. He merely restates his legal claims and then requests that the Court not dismiss his case. His filing therefore fails to constitute an objection to the R&R that triggers *de novo* review by the Court.

Nevertheless, in an abundance of caution and in consideration of the fact that Mr. Johnson is proceeding *pro se*, the Court has revisited all the pleadings in this case, including the briefing on summary judgment. Following this review, the Court finds that the Magistrate Judge's recitation of the facts, standard of review, and conclusions of law are correct, and summary judgment is appropriate here. Defendants have demonstrated "that there is no genuine dispute as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III. CONCLUSION

The R&R (Doc. 36) is **ADOPTED IN ITS ENTIRETY**, and Defendants' Motion for

Summary Judgment (Doc. 29) is **GRANTED**. Judgment will enter concurrently with this opinion.

**IT IS SO ORDERED** on this 6th day of September, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE